Brian J. Petersen
PETERSEN LAW OFFICE
360 Ritch Street, Suite 201
San Francisco, CA 94107
Tel: (415) 777-3174
Fax: (415) 777-3175
Email: bjp@well.com

Attorney for Defendant
ENRIQUE FONSECA MARTINEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ENRIQUE FONSECA MARTINEZ,<br><br>    Defendant.<br>_____ | Case No. 10-CR-0188-EJG<br><br>STIPULATION AND ORDER CONTINUING STATUS DATE; DECLARATION OF COUNSEL<br><br>Date: March 18, 2011<br>Time: 10:00 a.m.<br>Courtroom 8, Hon. Edward J. Garcia |

Counsel for the government and defendant respectfully submit this Stipulation and [Proposed] Order requesting that the March 18, 2011 Status date in this matter be continued to April 15, 2011. Counsel agree and stipulate that defendant lost his former immigration counsel, through no fault of his own, that former immigration counsel apparently did nothing before essentially going out of business, that defendant has new immigration counsel now and needs time to investigate the validity of defendant's prior deportation(s). Counsel also agree and stipulate that defense counsel also is investigating the circumstances of defendant's original aggravated felony conviction from 24 years ago, and that its age has caused some delay.

Counsel further stipulate to the exclusion of time under the Speedy Trial Act from the date of this Order until March 18, 2011. Exclusion of time is proper pursuant to 18 U.S.C. 3161(h)(8)(A) and (B) and local code T4 because the requested continuance is intended to

1  allow the defense additional time to prepare its case, thereby ensuring effective assistance of
2  counsel.  Counsel further stipulate that the ends of justice served by the granting of the
3  continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

Date: March 16, 2011                                /s/
                                                    Michael D. Anderson
                                                    Assistant United States Attorney


Date: March 16, 2011                                /s/
                                                    Brian J. Petersen
                                                    Attorney for Defendant
                                                    ENRIQUE FONSECA MARTINEZ

## DECLARATION OF BRIAN J. PETERSEN

I am an attorney at law, licensed to practice before all courts of the State of California, and I have been retained by defendant herein ENRIQUE FONSECA MARTINEZ ("defendant"). I make this declaration from facts within my own personal knowledge, except where stated on information and belief, in which case I believe the facts stated to be true.  If called to testify in this matter, I could and would do so competently.

1.  Defendant is charged, inter alia, with being present in the US after being previously deported, a violation of 8 U.S.C. §1326(a) and (b), and presently has an immigration "hold."

2.  The validity of any former deportation(s) is a potential issue in any prosecution for violation of §1326. (*See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000).)  I cannot adequately or competently represent defendant without the assistance of qualified immigration counsel to help me investigate this issue.

3.  When I was retained, defendant had already hired the Immigration Practice Group (IPG) in San Francisco.  This matter has been continued several times while (I thought)

they were working on this and other immigration issues regarding defendant.

4. Unfortunately, it appears that none of that work was done. On November 17, 2010, two days before a previous setting date on this case, the San Francisco City Attorney filed a lawsuit against IPG, alleging amongst other things that it was being run by a non-attorney who had surrendered his own license in 2008. Since then, defendant's wife has retained a new immigration attorney, whom I am informed and believe is working on the immigration aspects of defendant's case.

5. I have also been investigating the circumstances regarding defendant's 1987 drug trafficking conviction, for which he has allegedly been deported twice and the nature of which also substantially impacts his potential sentence under the Federal Sentencing Guidelines. (USSG §2L1.2 adds 16 offenses levels to base offense level for violation of 8 U.S.C. §1326(a) if prior deportation was for drug felony; USSG §2K2.1 sets offense level of 20 for violation of 18 U.S.C. §922(g) if qualifying felony was for drugs.) Since that conviction is from 1987, and defendant's memory of events at that time has faded, I am trying to get copies of original documents from that case to go over with defendant. His former attorney from that case is still around, and has ordered defendant's file from storage. I anticipate the continuance requested here will be sufficient for me to complete my work in this regard and that I will be ready to set trial and motion dates on April 15, 2011.

6. Mr. Anderson and I have agreed for those reasons to request and stipulate that the March 18, 2011 status date be continued until April 15, 2011, which date I have been informed is available on the Court's calendar.

7. Mr. Anderson has already approved of the new date, and that I can "sign" this Stipulation for him.

I declare under penalty of perjury pursuant to California law, that the foregoing is true and correct, except as to matters I allege based on information and belief, and as to those matters, I believe them to be true. This declaration was executed at San Francisco, California, on the date indicated below.

Dated: March 16, 2011                                  /s/
                                                    Brian J. Petersen

## [PROPOSED] ORDER

Based on the above Stipulation, and good cause appearing, IT IS HEREBY ORDERED THAT:

The status date of March 18, 2011 is continued to April 15, 2011. Based on the stipulated facts set forth above, the Court finds that exclusion of time under the Speedy Trial Act (18 U.S.C. 3161(h)(8)(A) and (B) and local code T4) is appropriate to permit adequate preparation of counsel. The Court also finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

Date: March 16, 2011

/s/ Edward J. Garcia
Hon. Edward J. Garcia
District Court Judge